# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------------X

LUXOTTICA OF AMERICA INC.,
d/b/a LENSCRAFTERS

               Plaintiff,

                                 **SUMMONS**

      -against-

THE TRAVELERS COMPANIES, INC.,

               Defendant.

-------------------------------------------------------------------------X

To the above-named Defendant:

**YOU ARE HEREBY SUMMONED** and required to answer the annexed Complaint in this action and to serve a copy of your answer, or, if the Complaint is not served with this summons, to serve a notice of appearance, upon Plaintiff's Attorneys, at the address stated below, within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the state of New York); upon your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint, together with the costs of this action.

Dated: October 13, 2025               Respectfully submitted,

                       **SULTZER & LIPARI, PLLC**

                       By: /s/ Joseph Lipari
                       Joseph Lipari
                       Jeremy Francis
                       Sultzer & Lipari, PLLC
                       Attorneys for Plaintiff
                       Luxottica of America Inc., d/b/a
                       Lenscrafters
                       85 Civic Center Plaza, Suite 200
                       Poughkeepsie, NY 12601
                       (845) 483-7100
                       liaprij@thesultzerlawgroup.com
                       francisj@thesultzerlawgroup.com

1

Defendant's Address:

THE TRAVELERS COMPANIES, INC.
485 Lexington Ave, Rm 400
New York, NY 10017, US

FILED: NEW YORK COUNTY CLERK 10/13/2025 11:50 AM                    INDEX NO. 659083/202!
NYSCEF DOC. NO. 1                                                   RECEIVED NYSCEF: 10/13/202!

Page 4 of 42

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------X

LUXOTTICA OF AMERICA INC.,
d/b/a LENSCRAFTERS
                              Plaintiff,

                                                        **COMPLAINT**

                    -against-

THE TRAVELERS COMPANIES, INC.,

                              Defendant.

-------------------------------------------------------------------------X

      Plaintiff, LUXOTTICA OF AMERICA INC., d/b/a LENSCRAFTERS ("Luxottica")

by its attorneys, SULTZER & LIPARI, PLLC., brings this complaint for Declaratory Judgment

and Breach of Contract against the Defendant, THE TRAVELERS COMPANIES, INC.

("Travelers") and states as follows:

<b>INTRODUCTION</b>

    1.    This is a civil action for declaratory relief pursuant to CPLR § 3001 and breach of

contract seeking damages for Travelers' wrongful refusal to defend and indemnify Luxottica in

connection with a bodily injury claim brought by William Vance in New York County under

docket number 157883/2025 (the "Vance Action").

    2.    Travelers is obligated to defend and indemnify Luxottica in connection with the

Vance Action by virtue of an April 5, 2019, Master Maintenance Agreement between Luxottica

and Travelers' insured, TrueSource, LLC f/k/a Miner Fleet Management Group, LLC.,

(hereinafter referred to as "TrueSource"), which specifies that Luxottica must be named as an

additional insured under insurance policies issued to or subscribed in favor of TrueSource.

3

3. In the event that the Travelers' Policy (defined *infra*) provides coverage to Luxottica, and Luxottica asserts that it does, this action seeks breach of contract damages for Travelers' violative refusal to defend and indemnify Luxottica in connection with the Vance Action.

## PARTIES AND JURISDICTION

4. At all relevant times, Luxottica is and was an Ohio corporation with its principal place of business located in Mason, Ohio. Luxottica conducted business in the State of New York by, among other things, operating a LensCrafters store at 7 West 34th Street, New York, NY.

5. Upon information and belief, at all relevant times, Travelers is and was a Minnesota corporation with its principal place of business located in New York, New York, and which conducted insurance business in the State of New York.

6. The Court has jurisdiction over this action under CPLR §§ 302(a) and 301, and pursuant to CPLR § 3001.

7. An actual and justiciable controversy exists among the parties as to which a declaratory judgment setting forth their respective rights and obligations is necessary and appropriate.

8. Venue is appropriate inasmuch as, inter alia, a substantial part of the events giving rise to Luxottica's claims are alleged to have occurred in the County of New York, in the State of New York.

## FACTUAL BACKGROUND

9. On or about April 5, 2019, Luxottica entered into a Master Maintenance Agreement with TrueSource pertaining to work to be performed by TrueSource at, *inter alia* Luxottica's LensCrafters store at 7 West 34th Street, New York, NY

4

10.    The April 5, 2019 Master Maintenance Agreement provides, among other things,

that:

Supplier [TrueSource] shall defend, indemnify, hold harmless and save Buyer
[Luxottica], its parent, subsidiaries, affiliates, directors, officers, employees and
agents (the "Buyer Indemnitees") from any and all claims, liabilities, losses,
expenses, awards, fines, penalties and damages of every character (including
reasonable attorneys' fees) arising out of or relating to (a) personal injury (including
death), property damage or any other damage caused or alleged to be caused by the
negligence or willful misconduct of Supplied, its employees, agents or
subcontractors, (b) any breach of these Terms and Conditions by Supplier, (c) any
other intellectual property right relating to the Products or Services furnished to
Buyer by Supplier, or Buyer's use thereof, and (d) violation by Supplier or any
federal, state, provincial and local laws, rules, regulations, and ordinances
applicable to supplier. If supplier performs Services on property owned or
controlled by any party other than Buyer, then the aforesaid obligation to defend,
indemnify, hold harmless and save shall include such other party or parties, their
employees and agents. Upon receipt of notice, Supplier shall promptly assume the
defense of any suit or proceeding covered by its indemnification obligations
hereunder. Supplier shall not settle or compromise any claims against a Buyer
indemnitee without Buyer's prior written consent. The provisions of this Paragraph
shall survive the delivery of any Product or the performance of any Service.

In the case of any tools, dies, jigs, fixtures, patterns, equipment or other articles of
Buyer that may be in the possession of Supplier in connection with this Order,
Supplier agrees that its responsibility shall be that of a bailee and that Supplier shall
indemnify and hold harmless Buyer from any loss, damage, cost or expense thereto
that is caused by or as a result of any act or omission on the part of Supplier or its
agents, employees or others until such time as such articles are delivered into he
possession of Buyer at Buyer's request. With respect to such articles, Supplier shall:
(a) make and affix such markings thereon as Buyer may direct, (b) make no change,
modification or alteration thereto without Buyer's written consent, (c) make no use
thereof, except in the production of Products ordered by Buyer, (d) store in the same
without charge to Buyer in separated racks or in sections of Supplier's facility, (e)
maintain the same in good conditions excepting only ordinary wear and tear, and
(f) return same to Buyer upon Buyer's request.

11.    The Master Maintenance Agreement further provides, among other things, that:

Supplier, at its expense, shall procure and maintain with responsible third
party insurance carriers (with an AM. Best rating of at least A-NII) during
the term of these Terms and Conditions: (a) Commercial General Liability
Insurance    written    on    an    occurrence    basis    including    premises,

5

products/completed operations liability coverage with respect to the Products and Services provided under this Order, contractual liability coverage with respect to this Order, broad form property damage/bodily injury and personal/advertising injury liability coverage with limits of not less than US$1,000,000 per occurrence and US$2,000,000 in the aggregate, (b) Automobile Liability Insurance with at least US$1,000,000 combined single limit for bodily injury and property damage per accident, (c) Umbrella Liability Insurance, with limits of at least US$1,000,000 per occurrence and in the aggregate, (d) Workers Compensation Insurance in the amount required by law, (e) Employers Liability/Stop Gap Liability Insurance with limits of at least US$500,000 for each occurrence, and (f) Professional Liability (errors and omissions) Insurance, if applicable Services are provided, with limits of at least US$1,000,000 per occurrence. Within ten (10) days of the date this Order is accepted by Supplier pursuant to Section 1 above, Supplier shall deliver to Buyer certificates of insurance as evidence of the required coverage. All Commercial General Liability and Automobile Liability Insurance policies and certificates of insurance shall include Luxottica Group S.p.A., its subsidiaries, affiliates and divisions (including all entities comprising "Buyer" hereunder), as additional insureds, and shall provide that thirty (30) days' written notice must be given to Buyer before such policy is altered or canceled.

12.     Pursuant to the Master Maintenance Agreement, TruSource provided Luxottica with a Certificate of Liability Insurance ("COI") for a Commercial General Liability Insurance Policy with a policy limit of $2,000 per occurrence naming TrueSource as the insured, Travelers as the insurer, and Luxottica as the Certificate Holder (the "Travelers' Policy"). The COI also set forth that the policy included as an additional insured any person or organization that TrueSource was contractually obligated to name as an additional insured, which as set forth above, includes Luxottica.

13.     Thereafter, TrueSource performed service, maintenance, and repairs (on its own and/or through a subcontractor) on, to, and/or immediately around the door of the LensCrafters store at 7 West 34th Street, New York, NY (the "subject door") pursuant to the Master Maintenance Agreement.

14.     On or about June 19, 2025, William Vance filed a Verified Complaint against

6

FILED: NEW YORK COUNTY CLERK 10/13/2025 11:50 AM     INDEX NO. 659083/202!

NYSCEF DOC. NO. 1                                              RECEIVED NYSCEF: 10/13/202!

Luxottica of America Inc., d/b/a LensCrafters (improperly sued therein as Luxottica Retail North America Inc., d/b/a LensCrafters. (**Exhibit A**).

15.     According to William Vance, on or about May 19, 2025, he was walking on the sidewalk outside the LensCrafters store at 7 West 34th Street when the subject door fell and struck him, causing him to sustain physical injuries.

16.     The service, maintenance, and repairs that TrueSource performed on, to, and/or immediately around the subject door in February 2025 were the last service, maintenance, and repairs performed on, to, and/or immediately around the subject door before the incident described in Plaintiff's complaint.

17.     To the extent that the subject door failed, Luxottica did not cause or contribute to its failure. Luxottica states, upon information and belief, that to the extent there was a failure of the subject door, that failure was caused by TrueSource.

18.     On or about June 6, 2025, Luxottica sent a letter to TrueSource demanding that it immediately confirm that it will fully and unreservedly defend and indemnify Luxottica relative to the Vance Action, and instructing TrueSource to pass the letter along to Travelers with a request to assign counsel to Luxottica.

19.     Counsel for Luxottica followed up on the tender letter via email to Counsel for Travelers on or about June 13th, June 20th, and June 30th, 2025.

20.     On or about July 2, 2025, Counsel for Travelers responded:

We are still investigating the claim, including your tender and working to gather information from our insured. Unfortunately at this time I cannot give you a time frame as to when I will have a response. I will advise you when I have an update.

21.     On or about July 22, 2025, Luxottica sent a letter to Travelers again demanding that it immediately confirm that it will fully and unreservedly defend and indemnify Luxottica in and

for the Vance Action.

22.     On or about August 5, 2025, Counsel for Travelers responded that Travelers was still "reviewing the tender."

23.     Luxottica has not received confirmation from Travelers as to whether it will defend or indemnify Luxottica with respect to the Vance Action. As such, Travelers has failed to honor its defense and indemnity obligations to Luxottica.

24.     Notwithstanding Travelers' contractual obligations, Luxottica has continued to spend money on its own counsel to defend Luxottica's interest in the Vance matter and to prosecute this matter against Travelers.

25.     On or about August 25, 2025, Luxottica interposed an answer on behalf of "Luxottica of America Inc., d/b/a LensCrafters, improperly named as Luxottica Retail North America Inc., d/b/a LensCrafters."

26.     On or about October 8, 2025, Luxottica impleaded TrueSource as a third-party defendant in the Vance Action and filed a third-party complaint asserting causes of action against TrueSource for, *inter alia*, contribution, common law indemnification, contractual indemnification, and breach of Master Maintenance Agreement. **(Exhibit B)**.

27.     Travelers issued to or subscribed in favor of TrueSource a policy or policies of primary and umbrella/excess insurance, which provides coverage during the period relevant to the Vance Action and which is implicated by the Vance Action.

28.     Luxottica is an additional insured under the Travelers' Policy and a Travelers defense obligation to Luxottica presently exists.

29.     Under New York law, the duty of an insurer to defend is broader than its obligation to indemnify.

8

30. The injury at issue in the Vance Action allegedly arose out of TrueSource's work under the April 5, 2019, Master Maintenance Agreement, but Travelers has refused to honor its obligations to defend and indemnify Luxottica, which is an additional insured under the Travelers' Policy.

31. Travelers has not identified a valid reason for effectively denying coverage and its failure and refusal to defend Luxottica is wrongful, amounts to bad faith, and is unsupported by any reading of the pleadings in the Vance Action and does not represent a good faith evaluation of Travelers' obligations to Luxottica.

32. A significant sum has been expended by Luxottica in the defense of the Vance Action and Travelers has refused to pay or reimburse those defense costs.

33. Moreover, Luxottica's ability to defend and settle the Vance Action, or satisfy any judgment as may be obtained against Luxottica is materially impaired by Vance's refusal to assume the defense and indemnification of Luxottica.

## COUNT ONE

### DECLARATORY JUDGMENT

34. Luxottica incorporates by reference the allegations of Paragraphs 1-33 above as though fully set forth herein.

35. Luxottica seeks a judicial determination that Travelers is obligated to defend and indemnify Luxottica in connection with the Vance Action.

36. If Travelers is found to owe a duty to defend and indemnify Luxottica in connection with the Vance Action, then Luxottica further requests that this Court declare that Travelers is obligated to pay all defense costs and indemnity costs incurred or to be incurred in connection with the Vance Action.

9

37.     There is an actual case and controversy between Luxottica and Travelers concerning Travelers' obligation to defend and indemnify Luxottica for the Vance Action and the issuance of declaratory relief by this Court is necessary to resolve part or all of the existing controversy between Luxottica and Travelers.

## COUNT TWO

### BREACH OF CONTRACT

38.     Luxottica incorporates by reference the allegations of Paragraphs 1- 37 above as though fully set forth herein.

39.     Travelers is obligated to defend and indemnify Luxottica, an additional insured under the Travelers' Policy, in connection with the Vance Action.

40.     On June 6, 2025, Luxottica tendered defense and indemnity of the Vance Action.

41.     Travelers has refused to accept the defense and indemnity tender related to the Vance Action.

42.     Travelers has not identified -- and does not have -- a valid reason for denying coverage, and its failure and refusal to defend and indemnify Luxottica constitutes a material breach of the insurance contract obligation to Luxottica under the Travelers' policy.

43.     Luxottica has suffered damages due to Travelers' material breach of its contractual obligation under the Travelers' Policy, as Luxottica has incurred and continues to incur, *inter alia*, significant expenses and costs in defending the Vance Action, including but not limited to the filing of the within Complaint and the prosecution of this action.

44.     In addition, Luxottica may be forced to incur and pay any settlement or judgment that may be entered against Luxottica in connection with the Vance Action, and Luxottica may suffer additional economic damages due to Travelers' breach of the Travelers' Policy.

10

45. Travelers has not paid or committed to pay any part of Luxottica's costs in the Vance Action notwithstanding Travelers' obligation to do so, and despite due demand.

46. As a result of Travelers' material breach of contract, Luxottica demands: 1) judgment against Travelers for damages resulting from the material breach of the Travelers' Policy; 2) reimbursement by Travelers for any and all amounts that Luxottica has paid, as well as additional amounts that Luxottica may incur in the future in connection with the Vance Action and any judgment against Luxottica in the Vance action; and 3) payment of the fees and costs from this action, interest and such other relief as this court deems just and proper.

**WHEREFORE**, Luxottica demands judgment:

1) Declaring that Travelers has an obligation to provide a defense to and indemnify Luxottica under one or more primary, umbrella and/or excess liability insurance policies issued by Travelers to, or subscribed in favor of, TrueSource and under which Luxottica is an additional insured, in connection with the Vance Action;

2) Declaring that Travelers is obligated to defend Luxottica and pay all defense and indemnity costs incurred, or to be incurred, by Luxottica in connection with the Vance Action;

3) Awarding Luxottica damages, in a sum to be determined, for Travelers' material breach of contract in refusing to defend and indemnify Luxottica in connection with the Vance Action;

4) Declaring that Luxottica is entitled to its attorneys' fees, interest, and costs incurred for prosecuting this action; and

5) For such other and further relief as this Court may deem just, proper and equitable.

Dated: October 13, 2025
      Poughkeepsie, NY

/s/ Joseph Lipari
Joseph Lipari

11

Jeremy Francis
Sultzer & Lipari, PLLC
Attorneys for Plaintiff
Luxottica of America Inc., d/b/a
Lenscrafters
85 Civic Center Plaza, Suite 200
Poughkeepsie, NY 12601
(845) 483-7100
liaprij@thesultzerlawgroup.com
francisj@thesultzerlawgroup.com

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** NEW YORK
-------------------------------------------------------------------x
LUXOTTICA OF AMERICA INC.,
d/b/a LENSCRAFTERS

                      Plaintiff/Petitioner,

          - against -                        Index No. 659083/2025
THE TRAVELERS COMPANIES, INC.

                    Defendant/Respondent.
-------------------------------------------------------------------x

### NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
(Uniform Rule § 202.5-bb)

**You have received this Notice because:**

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney.  (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

The **benefits of participating in e-filing** include:

- serving and filing your documents electronically

- free access to view and print your e-filed documents

- limiting your number of trips to the courthouse

- paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: 10/15/2025

Joseph Lipari, Esq.
Name
Sultzer & Lipari, PLLC

Firm Name

85 Civic Center Plaza, Suite 200
Address

Poughkeepsie, NY 12601

845-483-7100
Phone

liparij@thesultzerlawgroup.com
E-Mail

To:   The Travelers Companies, Inc.

485 Lexington Ave, Rm 400

New York, NY 10017

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

**SUMMONS**

——————————————————————X

Index No.: _____

WILLIAM VANCE

Plaintiff,

Jury Trial Demanded

vs.

Bases of Venue:
Plaintiff's Residence
Defendants' Residence
Situs of Accident

LUXOTTICA RETAIL NORTH AMERICA, INC., d/b/a
LENSCRAFTERS; 7 WEST 34TH STREET, LLC;
VORNADO REALTY TRUST

Defendants.

Plaintiff resides in New York County,
State of New York

——————————————————————X

To the Defendants LUXOTTICA RETAIL NORTH AMERICA, INC., d/b/a LENSCRAFTERS;
7 WEST 34TH STREET, LLC; VORNADO REALTY TRUST:

You are Hereby Summoned to answer the **Verified Complaint** in this action and to serve

a copy of your answer, or, if the complaint is not served with the summons, to serve a notice of

appearance on the Plaintiff's attorneys within 20 days after the service of this summons,

exclusive of the day of service (or within 30 days after the service is complete if this summons is

not personally delivered to you within the State of New York); and in case of your failure to

appear or answer, judgment will be taken against you by default for the relief demanded in the

complaint.

Dated **June 19, 2025**

EDELMAN & EDELMAN, P.C.

By: Daniel L. Cevallos, Esq.
60 Broad Street, Suite 2900
New York, NY 10004

LUXOTTICA RETAIL NORTH AMERICA INC.
d/b/a LENSCRAFTERS
4000 Luxottica Pl Mason, OH, 45040-8114

LENSCRAFTERS
7 West 34th Street, New York, NY 10001

7 WEST 34TH STREET LLC
7 West 34th Street, New York, NY 10001

VORNADO REALTY TRUST
888 Seventh Avenue New York, NY 10019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
————————————————————————X

WILLIAM VANCE

                      Plaintiff,

        vs.

LUXOTTICA RETAIL NORTH AMERICA, INC., d/b/a
LENSCRAFTERS; 7 WEST 34TH STREET, LLC;
VORNADO REALTY TRUST

                    Defendants.

————————————————————————X

**VERIFIED COMPLAINT**

Index No.: _____

Jury Trial Demanded

Plaintiff, by his attorneys, Edelman & Edelman, P.C., as and for a cause of action alleges,

upon information and belief, as follows:

## I. THE PLAINTIFF

1. Plaintiff WILLIAM VANCE (hereinafter "VANCE" or "plaintiff") at all times

hereinafter mentioned, is and was an adult individual and citizen of and domiciled in the State,

City, and County of New York.

## II. THE DEFENDANTS

### A. Luxottica / LensCrafters

2. Defendant LUXOTTICA RETAIL NORTH AMERICA, INC. ("LUXOTTICA") d/b/a

LENSCRAFTERS ("LENSCRAFTERS") is an Ohio corporation which regularly does

substantial and continuous business in the State of New York, the City of New York, and the

County of New York, including at the LENSCRAFTERS location at 7 West 34th Street, New

York, New York, where this accident occurred.

3. At all times relevant hereto, LUXOTTICA and LENSCRAFTERS are and were

headquartered at 4000 LUXOTTICA Place, Mason, OH 45040.

VANCE V LUXXOTICA / LENSCRAFTERS; 7 W 34; VORNADO    EDELMAN & EDELMAN, P.C.

4. At all times relevant hereto, LUXOTTICA and LENSCRAFTERS has and had an address and place of business at 420 5th Avenue, New York, NY, 10018-2729.

5. At all times relevant hereto, LUXOTTICA and LENSCRAFTERS have and had an address and place of business at 7 West 34th Street, New York, NY 10001, which is also the location at which the accident complained of herein occurred.

### B. 7 West 34th Street LLC

6. At all times relevant hereto, Defendant 7 WEST 34TH STREET LLC ("7 W 34") is and was a New York limited liability company, doing business in New York State, County, and City, including at 7 West 34th Street, New York, NY 10001.

### C. Vornado Realty Trust

7. At all times relevant hereto, Defendant VORNADO REALTY TRUST ("VORNADO") is and was a real estate investment trust formed in Maryland in 1982, with its primary office in New York City, and is located at, and does business at, 7 West 34th Street, New York, NY 10001.

8. At all times relevant hereto, and on 5/19/2025, all defendants derived substantial revenue from goods used, or consumed or services rendered, or rents received and charged, in the State, City, and County of New York.

9. That on 5/19/2025, and at all times mentioned herein, all defendants' business activities and acts had consequences within the State, City, and County of New York.

### III. JURISDICTION & VENUE

10. That the defendants LUXOTTICA / LENSCRAFTERS; 7 W 34TH; and VORNADO conduct substantial business in the City, County and State of New York, subjecting them to the personal jurisdiction of this Court.

11. Venue, subject matter jurisdiction, and personal jurisdiction are proper in New York County, City, and State as it is the situs of the accident, and where all parties are located and may be found.

## IV. THE 5/19/2025 ACCIDENT

12. On Monday, 5/19/2025, sometime between 8:45 a.m., and 9:45 a.m., Plaintiff was walking to work and passing by the LensCrafters and the front door to the LensCrafters located at 7 West 34th Street, New York, NY 10001. See Image at right.



13. The LensCrafters at 7 West 34th Street, New York, NY is owned, controlled, operated, managed, supervised, by defendant(s) LUXOTTICA / LENSCRAFTERS.

14. The LensCrafters at 7 West 34th Street had two doors that opened in the middle.

*Image 1: Plaintiff and the fallen door and shattered glass immediately after the accident*

15. On that date, Plaintiff did not touch, tamper with, or try to open either of the two front doors to the LensCrafters prior to the accident.

16. On that date, Plaintiff was just walking on the sidewalk, passing by the LensCrafters, like other pedestrians and commuters at that time of day.

17. Plaintiff was not trespassing, vandalizing, or engaged in any other misconduct; he was just walking to work, passing the LensCrafters storefront.

18. Suddenly and without warning, and through no fault of Plaintiff's, the right door (as one faces the LensCrafters) fell out of the façade of the building and LensCrafters and crashed down on Plaintiff (hereinafter the "door" or "subject Door"). See, Image at right.

19. The falling Door struck plaintiff with great force, propelling him to the ground and causing serious injuries from several impacts, including with the subject Door striking plaintiff in

VANCE v LUXXOTICA / LENSCRAFTERS; 7 W 34; VORNADO                EDELMAN & EDELMAN, P.C.

multiple places, including but not limited to his shoulder(s) and feet, and thereafter with the

plaintiff's body being propelled to and striking the ground.

20. Photos taken at the time of the accident show the damage to the Door from crashing

into the plaintiff. See, Image 1 herein.

## V. NOTICE PRIOR TO ACCIDENT THAT DOOR WAS HAZARDOUS

21. Upon information and belief, someone was reportedly working, repairing, modifying,

cleaning, adjusting, installing, altering, and/or replacing the same Door or parts of the Door over

the weekend before the accident, on or around 5/17/2025 – 5/18/2025.

22. Upon information and belief, the person working on the door prior to the accident

was an agent, employee, contractor, or otherwise controlled or directed by the defendants.

23. Upon information and belief, defendants created the hazardous condition by their

alterations to the Door before the accident, including on or around 5/17/2025 – 5/18/2025.

24. Upon information and belief, defendants created the hazardous condition by failing to

repair a known safety hazard with the Door before the accident, including on or around

5/17/2025 – 5/18/2025.

25. Upon information and belief, defendants knew or had reason to know the Door

constituted a hazardous condition prior to the accident on 5/19/2025.

## VI. DEFENDANTS' CONTROL, BREACH OF DUTIES

26. That on 5/19/2025, and at all times mentioned herein, the defendants LUXOTTICA /

LENSCRAFTERS; 7 W 34TH; and VORNADO controlled the aforesaid premises, location,

Door and Door parts, and breached their duties to do so safely and properly.

27. That on 5/19/2025, and at all times mentioned herein, the defendants LUXOTTICA /

LENSCRAFTERS; 7 W 34TH; and VORNADO leased the aforesaid premises, location, Door

and Door parts, and breached their duties to do so safely and properly.

FILED: NEW YORK COUNTY CLERK 06/19/2025 08:56 AM  Page 22 of 42  INDEX NO. 159083/2025

NYSCEF DOC. NO. 2                                        RECEIVED NYSCEF: 06/19/2025

VANCE V LUXXOTICA / LENSCRAFTERS; 7 W 34; VORNADO                EDELMAN & EDELMAN, P.C.

28. That on 5/19/2025, and at all times mentioned herein, the defendants LUXOTTICA / LENSCRAFTERS; 7 W 34TH; and VORNADO inspected the aforesaid premises, location, Door and Door parts, and breached their duties to do so safely and properly.

29. That on 5/19/2025, and at all times mentioned herein, the defendants LUXOTTICA / LENSCRAFTERS; 7 W 34TH; and VORNADO supervised the aforesaid premises, location, Door and Door parts, and breached their duties to do so safely and properly.

30. That on 5/19/2025, and at all times mentioned herein, the defendants LUXOTTICA / LENSCRAFTERS; 7 W 34TH; and VORNADO performed repairs at the aforesaid premises, location, Door and Door parts, and breached their duties to do so safely and properly.

31. That on 5/19/2025, and at all times mentioned herein, the defendants LUXOTTICA / LENSCRAFTERS; 7 W 34TH; and VORNADO maintained the aforesaid premises, location, Door and Door parts, and breached their duties to do so safely and properly.

32. That on 5/19/2025, and at all times mentioned herein, the defendants LUXOTTICA / LENSCRAFTERS; 7 W 34TH; and VORNADO utilized the aforesaid premises, location, Door and Door parts and in furtherance of their business, and breached their duties to do so safely and properly.

33. Upon information and belief, on 5/19/2025, and at all times mentioned herein, the defendants LUXOTTICA / LENSCRAFTERS; 7 W 34TH; and VORNADO breached contractual duties to inspect, maintain, repair, replace, clean, install, re-install, or control the subject Door and Door parts.

34. That sometime prior to 5/19/2025, and at all times mentioned herein, the defendants LUXOTTICA / LENSCRAFTERS; 7 W 34TH; and VORNADO installed, repaired, cleaned, replaced, maintained, adjusted, removed, damaged, or tampered with the subject Door and Door parts, and breached their duties to do so safely and properly.

35. Upon information and belief, the LUXOTTICA / LENSCRAFTERS; 7 W 34TH; and

VORNADO's breaches of their duties causing plaintiff's injuries included, but were not limited

to: allowing or causing the screws that hold the hinges to the Door or frame to become loose;

allowing or causing the screws to strip the material to which they were secured; allowing or

causing the hinges to become damaged or worn; using and maintaining hinges that were

inadequate, damaged, cheap, old, or not rated for the weight of the Door; causing or allowing

rust or corrosion to weaken the hinges, Door or other Door parts; causing or allowing the Door to

be misaligned; causing or allowing poor installation, maintenance, or repair of the Door or Door

parts; causing or allowing the Door hinges to be not installed properly and/or not flush with the

frame and Door; allowing or causing stress on or failure of the Door screws and hinges, and

other Door parts; causing or allowing improper alignment or sag of the Door or Door parts;

causing or allowing extra strain on hinges, Door, or other Door parts; causing or allowing use or

installation of a Door that is too heavy for its hinges or frame; using the wrong number of hinges

for the Door's size/weight; causing or allowing the Door frame to shift; causing or allowing

settling, moisture, temperature changes to create stress on the Door and Door parts; causing or

allowing rot or deterioration of the Door, Door jamb/frame, or other Door parts; causing or

allowing the Door to be slammed repeatedly or using excess force on the Door; causing or

allowing the use of poor quality materials for the Door and Door parts.

36. That on 5/19/2025, and at all times mentioned herein, the defendants LUXOTTICA /

LENSCRAFTERS; 7 W 34TH; and VORNADO breached these aforesaid duties, and other

duties, to safely, properly, responsibly, and reasonably control, maintain, inspect, repair,

supervise, remove, and/or utilize the premises, the accident location, and the subject Door and

Door parts.

FILED: NEW YORK COUNTY CLERK 06/19/2025 08:30 AM      INDEX NO. 159883/202!

NYSCEF DOC. NO. 2                                      RECEIVED NYSCEF: 06/19/202!

Page 24 of 42

VANCE V LUXXOTICA / LENSCRAFTERS; 7 W 34; VORNADO                    EDELMAN & EDELMAN, P.C.

## VII. RES IPSA LOQUITUR

37. In addition, plaintiff believes the defendants LUXOTTICA / LENSCRAFTERS; 7 W

34TH; and VORNADO, and each of them, to be negligent *per se* and liable under the doctrine of

*res ipsa loquitur*.

38. The plaintiff did not contribute to this accident.

39. Plaintiff had no control over the Door or the premises.

40. A commercial Door falling off its hinges and striking someone is not the kind of thing

that happens in the absence of negligence.

41. The premises, façade, Door and Door parts were in the exclusive control of the

defendants LUXOTTICA / LENSCRAFTERS; 7 W 34TH; and VORNADO.

## VIII. DAMAGES

42. As a direct and proximate result of the negligence of the defendants, the plaintiff

suffered injuries including, but not limited to, a fracture of his left shoulder, torn shoulder

ligament, labrum tear, rotator cuff tendinosis, injuries to his feet including fractures, elbow

tendinosis, elbow/forearm numbness, and injuries including of a permanent nature and has

suffered anguish, severe shock to his nerves and nervous system, and has incurred and will

continue to incur medical bills and has/or will suffer other economic loss including lost income

and earnings and otherwise.

43. Plaintiff may now and in the future suffer from conditions including, but not limited

to, chronic pain, post-traumatic arthritis, malunion or nonunion of bones, nerve injury, reduced

range of motion, limited abduction, flexion, or rotation, joint stiffness, capsular contracture,

adhesive capsulitis, severe limitation of motion and pain, displacement of the glenohumeral joint

surface, rotator cuff injury, compensation injuries, atrophy, damage or impingement to tendons,

including but not limited to the supraspinatus, bones healing in poor alignment or not at all,

leading to deformity and functional loss, impingement syndrome, altered anatomy or movement

VANCE v LUXXOTICA / LENSCRAFTERS; 7 W 34; VORNADO                  EDELMAN & EDELMAN, P.C.

patterns, chronic tendon irritation, muscle weakness, nerve damage, injuries resulting from

surgery, numbness, weakness, neuropathic pain, axillary nerve injury, deltoid weakness and

difficulty lifting the arm and/or foot, Chronic Regional Pain Syndrome (CRPS), persistent pain,

swelling, color/temperature changes, stiffness, glenohumeral joint instability, damage to the

labrum, capsule, or ligaments.

44. Plaintiff now suffers and may in the future suffer from Difficulty with Activities of

Daily Living (ADLs), such as dressing, grooming, reaching, lifting, and sleeping on the affected

side, persistent disability, surgical complications, including hardware failing or loosening,

infection or wound healing problems.

### FIRST CAUSE OF ACTION: NEGLIGENCE
*Plaintiff Vance vs. Defendants Luxottica/LensCrafters, 7 W 34, Vornado*

45. Plaintiff reiterates each and every allegation contained in the above paragraphs with

the same force and effect as if asserted herein.

46. That the defendant LUXOTTICA / LENSCRAFTERS caused and/or created the

dangerous condition.

47. That the defendant 7 W 34TH caused and/or created the dangerous condition.

48. That the defendant VORNADO caused and/or created the dangerous condition.

49. That on 5/19/2025, LUXOTTICA / LENSCRAFTERS; 7 W 34TH; and VORNADO

allowed the premises and the subject Door and Door parts to be left in a dangerous and unsafe

condition posing a hazard to pedestrians lawfully traversing thereat.

50. That the defendants LUXOTTICA / LENSCRAFTERS; 7 W 34TH; and VORNADO,

and/or each of them had actual and constructive notice of the dangerous and defective conditions

including the subject Door, and practices complained of herein.

51. That the defendants LUXOTTICA / LENSCRAFTERS; 7 W 34TH; and VORNADO

breached their duties to maintain, clean, control, inspect, supervise, repair, install, remove,

FILED: NEW YORK COUNTY CLERK 06/19/2025 08:35 AM   Page 26 of 42   INDEX NO. 659083/202...

NYSCEF DOC. NO. 2                                              RECEIVED NYSCEF: 06/19/202...

VANCE V LUXXOTICA / LENSCRAFTERS; 7 W 34; VORNADO                EDELMAN & EDELMAN, P.C.

upgrade, control, and/or utilize the Door and Door parts at the premises in a reasonably safe

manner pursuant to, *inter alia*, applicable standards of care, including, but not limited to, the

New York City Administrative Code.

52. That the defendants LUXOTTICA / LENSCRAFTERS; 7 W 34TH; and VORNADO

breached their aforesaid duties and allowed an unsafe condition to persist at the premises.

53. The above mentioned occurrence and the results thereof were caused by the

negligence of the defendants LUXOTTICA / LENSCRAFTERS; 7 W 34TH; and VORNADO

and/or said defendants' servants, agents, employees and/or licensees in the ownership, operation,

management, control, repair, maintenance, leasing, renting, inspection, installation, supervision

and utilization of and the failure to properly use, maintain, repair and or operate the premises,

Door, and Door parts; by causing and creating said dangerous conditions at the premises; by

failing to properly install, construct, reconstruct, or replace the Door and Door parts; by failing to

warn, cordon off, place protective barriers, warning signs for pedestrians lawfully traversing

thereat of the dangerous condition at the premises; by failing to install, construct, reconstruct, or

replace defective Doors and Door parts at the premises; presenting and continuing the hazardous

Door condition at the premises; defendants, their servants, agents, employees and/or licensees

allowed such said conditions to persist for an unreasonable amount of time giving rise to the

hazards, the accident and the resulting damages; by failing to install, construct, reconstruct,

repair, or replace defective Door and Door parts at the premises, at the time and place above

mentioned, defendants, defendants' servants, agents, employees and/or licensees were placed on

notice prior to the occurrence of this accident, verbally and/or in writing, of the conditions giving

rise to the hazards at the premises, the accident and the resulting damages; in negligently and

carelessly causing and permitting the aforesaid Door and Door parts to be and remain in a

dangerous and hazardous condition for an unreasonable length of time, resulting in a hazard to

the plaintiff and others lawfully traversing at the premises; and by failing to take suitable and

proper precautions for the safety of persons lawfully walking by or in the area of the premises, the subject Door, and Door parts.

54. Prior to the subject incident, defendants LUXOTTICA / LENSCRAFTERS; 7 W 34TH; and VORNADO misused, abused, and/or damaged the door in a manner that defendants knew or should have known would pose a serious safety hazard.

55. Defendants LUXOTTICA / LENSCRAFTERS; 7 W 34TH; and VORNADO breached their duties to properly install, repair, replace, inspect, control, use, maintain, clean, upgrade, and/or operate, the subject Door and Door parts, including, but not limited to: the Door leaf or slab; stiles; rails; panels; mullion; glass and glass panels; Door frame or jamb; hinges; hinge jambs; hinge screws; all hinge parts; strike jambs; head jambs; sill; lockset; knob or lever; latch; deadbolt; strike plate; hydraulics; Door closer; casing/molding; weatherstripping; Door sweep; Door stop molding/stop; transom; kick plate; flush bolt; security bar, and other Door parts.

## SECOND CAUSE OF ACTION: GROSS NEGLIGENCE; RECKLESSNESS
### *Plaintiff Vance vs. Defendants Luxottica/LensCrafters, 7 W 34, Vornado*

56. Plaintiff repeats and realleges each and every allegation set forth above as if fully set forth herein.

57. Upon information and belief, Defendants LUXOTTICA / LENSCRAFTERS; 7 W 34TH; and VORNADO engaged in conduct that was wanton, willful, reckless, grossly negligent, and in conscious disregard of the safety of the public.

58. Specifically, Plaintiff alleges that, prior to the subject incident, defendants LUXOTTICA / LENSCRAFTERS; 7 W 34TH; and VORNADO knew that the front Door to the premises posed a serious safety hazard, and/or had actual and constructive notice of such condition, yet failed to take corrective measures, repair the condition, or warn the public.

59. Specifically, Plaintiff alleges that, prior to the subject incident, defendants LUXOTTICA / LENSCRAFTERS; 7 W 34TH; and VORNADO tampered with, altered, modified, adjusted, or otherwise made changes to the door that defendants knew would pose a serious safety hazard.

60. Defendants' failure to safely secure, control, modify, repair, install, inspect, upgrade, and/or use the large commercial Door that hung over a public sidewalk in one of the most heavily trafficked areas of New York City, despite prior repair activity, constituted more than ordinary negligence and created a high degree of risk of serious harm.

61. Defendants' conduct was so grossly negligent, and evinced such a lack of concern for the safety of pedestrians, including Plaintiff, as to amount to a wanton and reckless disregard of the rights of others, warranting punitive damages.

62. This action falls within one or more of the exemptions set forth in CPLR §1602.

63. Plaintiff demands a trial by jury of all issues so triable.

WHEREFORE, Plaintiff prays for judgment against the defendants, granting Plaintiff damages, together with the costs and disbursements of this action, and states that the amount of damages sought herein exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

Dated: **June 19, 2025**

EDELMAN & EDELMAN, P.C.

Daniel Cevallos, Esq. (Of Counsel)
Edelman & Edelman, P.C.
60 Broad St., #2900, NY NY 10004
Phone: 212.943.1200
*Attorneys for Plaintiff*

FILED: NEW YORK COUNTY CLERK 06/19/2025 08:38 AM          Page 29 INDEX NO. 659083/202!

NYSCEF DOC. NO. 2                                    RECEIVED NYSCEF: 06/19/202!
VANCE V LUXXOTICA / LENSCRAFTERS; 7 W 34; VORNADO          EDELMAN & EDELMAN, P.C.

## VERIFICATION

I, WILLIAM VANCE, affirm the following subject to penalty of perjury:
I am the plaintiff in the within action; I have read the foregoing complaint and know the contents
thereof; the same is true to my own knowledge, except as to the matters therein stated to be
alleged on information and belief, and as to those matters I believe them to be true.

**Dated:** 06/18/2025

**WILLIAM VANCE**

## Supreme Court of the State of New York
## County of New York

WILLIAM VANCE

Plaintiff,

Index №.: _____

-against-

LUXOTTICA RETAIL NORTH AMERICA INC., d/b/a
LENSCRAFTERS; 7 WEST 34TH STREET LLC;
VORNADO REALTY TRUST;

Defendants.

VERIFIED COMPLAINT



### EDELMAN & EDELMAN, P.C.
#### ATTORNEYS & COUNSELORS AT LAW

60 Broad Street, Suite 2900
New York, NY 10004
Phone: 212.943.1200
www.EdelmanPCLaw.com

*Attorneys for Plaintiff*

# EXHIBIT B

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------X

WILLIAM VANCE,

                          Plaintiff,                               **THIRD-PARTY SUMMONS**

              -against-
                                                                   **Index #: 157883/2025**

LUXOTTICA RETAIL NORTH AMERICA INC.,
d/b/a LENSCRAFTERS; 7 WEST 34TH STREET
LLC; VORNADO REALTY TRUST,

                          Defendants.
-------------------------------------------------------------------X
LUXOTTICA OF AMERICA INC., d/b/a LENSCRAFTERS,
improperly sued herein as LUXOTTICA RETAIL NORTH
AMERICA INC., d/b/a LENSCRAFTERS,

                          Third-Party Plaintiff,

              -against-

TRUESOURCE, LLC f/k/a MINER FLEET
MANAGEMENT GROUP, LLC.,

                          Third-Party Defendant.
-------------------------------------------------------------------X


**TO THE ABOVE-NAMED THIRD-PARTY DEFENDANT:**

    **YOU ARE HEREBY SUMMONED** to answer the Complaint of the Third-Party Plaintiff

and of the Plaintiff, a copy of which is herewith served upon you together with all prior pleadings

and to serve copies of your answer on the undersigned attorney for the Third-Party Plaintiff, and

upon the attorney for Plaintiff, within twenty (20) days after service of the above, exclusive of the

date of service or within thirty (30) days after service is complete if service is made by any method

other than personal delivery to you within the State of New York. In the case of your failure to

answer the complaint of the Third-Party Plaintiff, judgment will be taken against you on default for

the relief sought in the Third-Party Plaintiff's complaint.

Dated: October 8, 2025
Poughkeepsie, NY


                                    /s/ Joseph Lipari

                                   Joseph Lipari
                                   SULTZER & LIPARI, PLLC
                                   Attorneys for Defendants
                                   *LUXOTTICA RETAIL NORTH AMERICA INC.,*
                                   *d/b/a LENSCRAFTERS; 7 WEST 34TH STREET*
                                   *LLC and VORNADO REALTY TRUST*
                                   Attorneys for Third- Party Plaintiff
                                   *LUXOTTICA RETAIL NORTH AMERICA INC.,*
                                   *d/b/a LENSCRAFTERS*
                                   85 Civic Center Plaza, Suite 200
                                   Poughkeepsie, NY 12601
                                   (845) 483-7100


TO:     Daniel L. Cevallos, Esq.
        EDELMAN & EDELMAN, P.C
        60 Broad Street, Suite 2900
        New York, NY 10004
        Attorney for Plaintiff

        TRUESOURCE, LLC f/k/a MINER
        FLEET MANAGEMENT GROUP, LLC
        Via agent for registered process
        Incorp Services, Inc.
        One Commerce Plaza,
        99 Washington Ave. Suite 805-A,
        Albany, NY, United States, 12210

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------X

WILLIAM VANCE,

                  Plaintiff,

            -against-

LUXOTTICA RETAIL NORTH AMERICA INC.,
d/b/a LENSCRAFTERS; 7 WEST 34TH STREET
LLC; VORNADO REALTY TRUST,

                  Defendants.
------------------------------------------------------------------X

LUXOTTICA OF AMERICA INC., d/b/a LENSCRAFTERS,
improperly sued herein as LUXOTTICA RETAIL NORTH
AMERICA INC., d/b/a LENSCRAFTERS,

                  Third-Party Plaintiff,

            -against-

TRUESOURCE, LLC f/k/a MINER FLEET
MANAGEMENT GROUP, LLC.,

                  Third-Party Defendant.
------------------------------------------------------------------

**THIRD-PARTY
COMPLAINT**

**Index #: 157883/2025**

       The Third-Party Plaintiff, **LUXOTTICA OF AMERICA INC., d/b/a
LENSCRAFTERS, improperly sued herein as LUXOTTICA RETAIL NORTH
AMERICA INC., d/b/a LENSCRAFTERS** (hereinafter referred to as "LUXOTTICA"),
by its attorneys, Sultzer & Lipari, PLLC, as and for a Third-Party Complaint against the
Third-Party Defendant, **TRUESOURCE, LLC f/k/a MINER FLEET MANAGEMENT
GROUP, LLC.,** (hereinafter referred to as "TRUESOURCE"), respectfully alleges upon
information and belief:

       1.     Upon information and belief, all times mentioned herein, the Third-Party

Defendant, TRUESOURCE, was and still is a foreign corporation transacting business in the State of New York with its principal place of business in Islandia, New York.

2.      Plaintiff commenced an action against Defendant/Third-Party Plaintiff, LUXOTTICA as well as Defendants 7 WEST 34TH STREET LLC and VORNADO REALTY TRUST, by the service of a Summons and Complaint, dated June 19, 2025 (the "Action").

3.      Defendant/Third-Party Plaintiff, LUXOTTICA, served an Answer to the Summons and Complaint on or about August 25, 2025, in which it denied all material allegations in the Plaintiff's Complaint. Copies of said pleadings are attached hereto as **Exhibit "A"** and are incorporated by reference.

4.      The Plaintiff alleges personal injuries sustained on or about May 19, 2025.

5.      Specifically, Plaintiff alleges that he was injured when a door to the LensCrafters store operated by LUXOTTICA located at 7 West 34th Street, New York, NY ("the subject door") fell and struck him.

6.      The principal action seeks money damages for personal injuries as set forth more particularly in the Plaintiff's complaint.

7.      On or about April 5, 2019, TRUESOURCE and LUXOTTICA entered into a Master Maintenance Agreement, whereby TRUESOURCE agreed to perform as-needed service, maintenance, and repairs at or in certain retail stores operated by LUXOTTICA.

8.      In February 2025, TRUESOURCE performed service, maintenance, and repairs on, to, and/or immediately around the subject door at 7 West 34th Street pursuant to the Master Maintenance Agreement.

9.      The service, maintenance, and repairs that TRUESOURCE performed on, to,

and/or immediately around the subject door in February 2025 were the last service, maintenance, and repairs performed on, to, and/or immediately around the subject door before the incident described in Plaintiff's complaint.

10.     To the extent that the subject door failed, LUXOTTICA did not cause or contribute to its failure.

11.     Luxottica states, upon information and belief, that to the extent there was a failure of the subject door, that failure was caused by True Source.

### AS AND FOR A FIRST CAUSE OF ACTION FOR CONTRIBUTION

12.     The Defendant/Third-Party Plaintiff, LUXOTTICA, repeats and reiterates each and every allegation set forth above, as if more fully set forth at length herein.

13.     If the Plaintiff was caused to sustain damages in the manner and at the time and place as set forth in the Plaintiff's complaint through any carelessness, recklessness or negligence other than the Plaintiff's own carelessness, then same was brought about and sustained by reason of the carelessness, recklessness and negligence and/or acts or omissions or commissions of the Third-Party Defendant, TRUESOURCE its agents, servants and/or employees; and if any judgment is recovered hereby by the Plaintiff against the Defendant/Third-Party Plaintiff, LUXOTTICA, the Defendant/Third-Party Plaintiff, LUXOTTICA, will be damaged thereby and the Third-Party Defendant, TRUESOURCE, will be responsible in whole or in part.

14.     By reason of the foregoing, the Third-Party Defendant, TRUESOURCE, will be liable to the Defendant/Third-Party Plaintiff in the event and in the full amount of recovery herein by the Plaintiff or for that portion thereof caused by the relative

responsibility of the Third-Party Defendant, TRUSOURCE, and as such, TRUESOURCE is bound to pay any and all attorney's fees, costs, and disbursements.

## AS AND FOR A SECOND CAUSE OF ACTION FOR COMMON LAW INDEMNIFICATION

15.    The Defendant/Third-Party Plaintiff, LUXOTTICA, repeats and reiterates each and every allegation set forth above, as if more fully set forth at length herein.

16.    If the Plaintiff was caused to sustain damages in the manner and at the time and place as set forth in the Plaintiff's complaint through any carelessness, recklessness or negligence other than the Plaintiff's own carelessness, then same was brought about and sustained by reason of the carelessness, recklessness and negligence and/or acts or omissions or commissions of the Third-Party Defendant, TRUESOURCE its agents, servants and/or employees; and if any judgment is recovered hereby by the Plaintiff against the Defendant/Third-Party Plaintiff, LUXOTTICA, the Defendant/Third-Party Plaintiff, LUXOTTICA, will be damaged thereby and the Third-Party Defendant, TRUESOURCE, will be responsible in whole or in part.

17.    By reason of the foregoing, the Third-Party Defendant, TRUESOURCE, is obligated to indemnify the Defendant/Third-Party Plaintiff, LUXOTTICA, under common law principles, in the event of and in the full amount of any recovery herein by the Plaintiff, plus attorney's fees, costs and disbursements.

## AS AND FOR A THIRD CAUSE OF ACTION FOR CONTRACTUAL INDEMNIFICATION

18.    The Defendant/Third-Party Plaintiff, LUXOTTICA, repeats and reiterates each and every allegation set forth above, as if more fully set forth at length herein.

19.    On or about April 5, 2019, the Defendant/Third Party-Plaintiff, LUXOTTICA, entered into a Master Maintenance Agreement with the Third-Party

6

Defendant, TRUESOURCE, whereby said Third-Party Defendant agreed to defend, indemnify and hold the Defendant/Third-Party Plaintiff, LUXOTTICA, harmless from any and all claims or suits for damages for personal injuries, property damages and/or wrongful death arising out of said agreement.

20.     Said agreement was in full force and effect of the date of Plaintiff's alleged accident.

21.     If the Plaintiff was injured as a result of the negligence or willful misconduct of TRUESOURCE, its employees, agents or subcontractors, , the Third-Party Defendant, TRUESOURCE, is bound under the terms of the aforesaid agreement to defend, indemnify and hold the Defendant/Third-Party Plaintiff, LUXOTTICA, harmless herein.

22.     To date, said Third-Party Defendant, TRUESOURCE, has refused and still refuses to honor its obligations under the aforesaid agreement, all to the continuing harm and expense of the Defendant/Third-Party Plaintiff, LUXOTTICA.

23.     By reason of the foregoing, the Third-Party Defendant, TRUESOURCE, will be liable to the Defendant/Third-Party Plaintiff, LUXOTTICA, for the full amount of any recovery which might be had against the Defendant/Third-Party Plaintiff or for that portion thereof caused by the relative responsibility of the Third-Party Defendant, and said Third-Party Defendant is and shall be bound to pay all costs, disbursements and/or attorney's fees.

24.     In addition or in the alternative, the Third-Party Defendant, TRUESOURCE, is obligated to indemnify the Defendant/Third-Party Plaintiff, LUXOTTICA, under Common Law.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR INSURANCE PROCUREMENT

25. Defendant/Third-Party Plaintiff, LUXOTTICA, repeats and reiterates each and every allegation set forth above, as if more fully set forth at length herein.

26. On or about April 5, 2019, the Defendant/Third-Party Plaintiff, LUXOTTICA, entered into a Master Maintenance Agreement with the Third-Party Defendant, TRUESOURCE, whereby the Third-Party Defendant, TRUESOURCE, agreed to procure insurance coverage naming the Defendant/Third-Party Plaintiff, LUXOTTICA as additional insured.

27. Said agreement was in full force and effect of the date of Plaintiff's alleged accident.

28. LUXOTTICA tendered the defense of Plaintiff's claims to TRUESOURCE and demanded indemnification pursuant to the Master Maintenance Agreement on or about June 6, 2025.

29. To date, said Third-Party Defendant, TRUESOURCE, has refused and still refuses to honor its obligations under the aforesaid agreement, all to the continuing harm and expense of the Defendant/Third-Party Plaintiff, LUXOTTICA.

30. By reason of the foregoing, the Third-Party Defendant, TRUESOURCE, will be liable to the Defendant/Third-Party Plaintiff, LUXOTTICA, for the full amount of any recovery which might be had against the Defendant/Third-Party Plaintiff or for that portion thereof caused by the relative responsibility of the Third-Party Defendant, and said Third-Party Defendant, TRUESOURCE, is and shall be bound to pay all costs, disbursements and/or attorney's fees.

**AS AND FOR A FIFTH CAUSE OF ACTION FOR BREACH OF CONTRACT**

31.     Defendant/Third-Party Plaintiff, LUXOTTICA, repeats and reiterates each and every allegation set forth above, as if more fully set forth at length herein.

32.     Under the Master Maintenance Agreement, Third-Party Defendant, TRUESOURCE is obligated to indemnify, hold harmless, and defend the Defendant/Third-Party Plaintiff, LUXOTTICA from the claims brought in this Action, and pay all costs of defense of the Action.

33.     Defendant/Third-Party Plaintiff, LUXOTTICA has demanded that Third-Party Defendant, TRUESOURCE indemnify, hold harmless, and defend Defendant/Third-Party Plaintiff, LUXOTTICA from the claims brought in this Action, and pay all costs of defense of the Action.

34.     Third-Party Defendant, TRUESOURCE has failed to comply with its obligation under the Master Maintenance Agreement to indemnify, hold harmless, and defend Defendant/Third-Party Plaintiff, LUXOTTICA from the claims brought in this Action, and pay all costs of defense of the Action.

35.     Defendant/Third-Party Plaintiff, LUXOTTICA has been damaged by the Third-Party Defendant, TRUSOURCE's failure to comply with its obligation under the Lease to indemnify, hold harmless, and defend the Defendant/Third-Party Plaintiff, LUXOTTICA from the claims brought in this Action, and pay all costs of defense of the Action, and continues to be damaged thereby.

**WHEREFORE,** the Defendant/Third-Party Plaintiff, LUXOTTICA, demands judgment on the Third Party Complaint herein in its favor with costs and disbursements; and further demands that the ultimate rights of the Defendant/Third-Party Plaintiff and Third-Party

9

Defendant as between themselves be determined in this action and that the Defendant/Third-Party Plaintiff has judgment over and against the Third-Party Defendant for all or that portion of any verdict or judgment which may be obtained herein by the Plaintiff against the Defendant/Third-Party Plaintiff to the extent that the responsibility of the Third-Party Defendant contributed thereto, together with the costs and disbursements of this action plus all attorney's fees and all other costs herein.

Dated: October 8, 2025
      Poughkeepsie, NY

              /s/ Joseph Lipari
                Joseph Lipari
                Jeremy Francis
                Sultzer & Lipari, PLLC
                Attorneys for Defendants
                *LUXOTTICA RETAIL NORTH AMERICA INC., d/b/a LENSCRAFTERS; 7 WEST 34TH STREET LLC and VORNADO REALTY TRUST*
                Attorneys for Third- Party Plaintiff
                *LUXOTTICA RETAIL NORTH AMERICA INC., d/b/a LENSCRAFTERS*
                85 Civic Center Plaza, Suite 200
                Poughkeepsie, NY 12601
                (845) 483-7100
                liaprij@thesultzerlawgroup.com
                francisj@thesultzerlawgroup.com

To:    Daniel L. Cevallos, Esq.
        EDELMAN & EDELMAN, P.C
        60 Broad Street, Suite 2900
        New York, NY 10004
        Attorney for Plaintiff

TRUESOURCE, LLC f/k/a MINER FLEET MANAGEMENT GROUP, LLC
Via agent for registered process
Incorp Services, Inc.
One Commerce Plaza,
99 Washington Ave. Suite 805-A,
Albany, NY, United States, 12210